IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD M. KOPANSKI,                          :
                                             :
                 Petitioner,                 :     CIVIL NO. 3:CV-06-0217
                                             :
        v.                                   :      (Judge Vanaskie)
                                             :
COMMONWEALTH OF                              :
PENNSYLVANIA, et al.,                        :
                                             :
                 Respondent.                 :

MEMORANDUM

I.      Introduction

        Petitioner Edward M. Kopanski commenced this action by filing a Petition for

Writ of Habeas Corpus (Dkt. Entry 1) pursuant to the provisions of 28 U.S.C. § 2254.

Petitioner, proceeding pro se, challenges his 2003 conviction in Centre County,

Pennsylvania, of one count of selling/furnishing alcohol to a minor in violation of 18

Pa. Cons. Stat. Ann. § 6310.01.  For the reasons set forth below, the Petition will be

dismissed as moot.

II.     Background

        On December 31, 2002, Kopanski's minor daughter hosted a New Year's Eve

party at Kopanski's home for a few of her friends from high school.  (See Dkt. Entry

1-2 at 2, 5/27/05 Pennsylvania Superior Court Memorandum.)  When the guests

arrived at Kopanski's home, they were forced to give their car keys to Kopanski. (See id.)  The guests who surrendered their keys were permitted to drink alcohol with Kopanski in the house.  (See id.)  After the party, the mother of one of the party guests found photographs taken at the party depicting underage individuals drinking alcohol and turned the photographs over to the State College Police.  (See id. at 3.)

On March 4, 2003, Kopanski was charged with selling/furnishing alcohol to a minor in violation of 18 Pa. Cons. Stat. Ann. § 6310.01.  (See id.)  On September 15, 2003, following a jury trial in the Centre County Court of Common Pleas, Kopanski was found guilty.  (See id.)  On December 22, 2003, Petitioner was sentenced to six months of probation and ordered to pay a $1,000 fine.  (See id.)

Kopanski filed post-sentence motions, which were denied by the trial court on March 18 and April 29, 2004.  (See id.)  On May 24, 2004, Kopanski filed an appeal from his judgment of sentence.  (See id.)  On May 27, 2005, the Pennsylvania Superior Court affirmed the judgment of sentence.  See Commonwealth v. Kopanski, 880 A.2d 9 (Pa. Super. May 27, 2005) (Table).  By Order dated November 1, 2005, the Pennsylvania Supreme Court denied Kopanski's Petition for Allowance of Appeal.  See Commonwealth v. Kopanski, 887 A.2d 769 (Pa. Nov. 1, 2005) (Table). On December 9, 2005, Kopanski's petition to delay commencement of his sentence was denied by the trial court, and he began serving his six-month probationary

sentence on that date.[1]

On January 27, 2006, Kopanski filed the instant Petition (Dkt. Entry 1) in which he raises the following three grounds:

> 1.  Was Petitioner denied his constitutional right to due process because the Commonwealth failed to prove beyond a reasonable doubt that he had in fact provided an alcoholic beverage to someone he knew was under the age of 21?  (Dkt. Entry 1-1 at 21.)

> 2.  The trial court erred in taking judicial notice of Pennsylvania Bulletin 33-458 stating that "Mike's Hard Lemonade" is an alcoholic beverage. (Id. at 25.)

> 3.  The Commonwealth of Pennsylvania denies individuals convicted of crimes labeled by the Legislature as misdemeanors the right to file petitions under Pennsylvania's Post-Conviction Relief Act ("PCRA") thereby denying them due process and equal protection of the law. (Id. at 28.)

Petitioner also filed a Motion requesting suspension of the six month probationary sentence he then was serving.  (See Dkt. Entry 3.)  By Order dated March 8, 2006, service of the Petition was directed, and the Motion seeking suspension of probation was denied without prejudice.  (Dkt. Entry 4.)  On March 27, 2006, Respondents filed a Response (Dkt. Entry 9) and an Appendix (Dkt. Entry 10). Kopanski filed a Reply (Dkt. Entry 12) on April 5, 2006.

Kopanski filed two additional motions.  On the same date that he filed his

---

[1]See Commonwealth v. Kopanski, Docket No. CP-14-CR-0000776-2003 at 15, available at http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=16474365

Reply, he also filed a "Petition for Suspension of Probation" (Dkt. Entry 13.)

Thereafter, on May 10, 2006, he filed  an "Emergency Petition for Retention of

Jurisdiction" (Dkt. Entry 14.)  Kopanski did not file briefs in support of his motions as

required by M.D. Pa. LR 7.5, and thus, by Order dated July 13, 2006, the motions

were deemed withdrawn.  (Dkt. Entry 15.)

III.    Discussion

The function of habeas corpus is to secure release from illegal custody.  See

Preiser v. Rodriguez, 411 U.S. 475. 484 (1973).  Therefore, a prisoner may seek

federal habeas relief only if he is in custody in violation of the Constitution or federal

law.  28 U.S.C. § 2254(a).  In general, a petition for habeas corpus relief becomes

moot when an inmate is released from custody before the court has addressed the

merits of the petition.  Lane v. Williams, 455 U.S. 624 (1982).  However, in Spencer

v. Kemna, 523 U.S. 1 (1998), the Supreme Court cautioned that a petitioner's

release in and of itself does not render his habeas petition moot.  Rather, "[t]he more

substantial question . . . is whether petitioner's subsequent release caused the

petition to be moot because it no longer presented a case or controversy under

Article III, § 2, of the Constitution."  Id. at 7.  "This case-or-controversy requirement

subsists through all stages of federal judicial proceedings, trial and appellate . . . the

parties must continue to have a personal stake in the outcome of the lawsuit."  Lewis

4

v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (internal quotations omitted). As such, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477 (citations omitted); see also Spencer, 523 U.S. at 7.

In the instant case, Kopanski requested that this Court order the suspension of the probationary sentence he was serving until it reviewed the grounds raised in his Petition, reverse his conviction, and grant any other relief to which he may be entitled in the interest of justice and under the United States and Pennsylvania Constitutions. (See Dkt. Entry 1-1 at 41.)

With regard to Kopanski's request to suspend his sentence, the trial court docket indicates that Kopanski began serving his probationary sentence on December 9, 2005, he was discharged on June 8, 2006, and his penalty was satisfied on the date of his release. Therefore, his sentence has expired. Where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). As such, his request for a suspension of his sentence is moot.

As to Kopanski's request that this Court reverse his conviction, this Court no longer has jurisdiction to review the grounds raised in his Petition because he has

been released from custody.  See United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971) ("custody is the passport to federal habeas corpus jurisdiction.")

The doctrine of collateral consequences is a narrow exception to the general mootness rule.  The exception arises where a petitioner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand.  See Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).  A petitioner has the burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot.  Spencer, 523 U.S. at 7.  In this case, Kopanski admitted in his motions seeking the suspension of his probationary sentence and/or retention of jurisdiction by this Court upon the expiration of his sentence that this Court would have no basis for jurisdiction after he finished serving his six month probationary sentence on June 8, 2006.  (See Dkt. Entries 3, 13, 14.)  Accordingly, Kopanski has not shown that there are collateral consequences sufficient to avoid application dismissal of his habeas petition as moot.

IV.    Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be

dismissed as moot.  Because it is clear that this collateral challenge to the conviction

is moot, a certificate of appealability will be denied.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD M. KOPANSKI,                    :
                                       :
              Petitioner,              :    CIVIL NO. 3:CV-06-0217
                                       :
       v.                              :    (Judge Vanaskie)
                                       :
COMMONWEALTH OF                        :
PENNSYLVANIA, et al.,                  :
                                       :
              Respondent.              :

ORDER

       NOW, THIS 10th DAY OF OCTOBER, 2008, in accordance with the

foregoing Memorandum, IT IS HEREBY ORDERED as follows:

       1.     The Petition for Writ of Habeas Corpus (Dkt. Entry 1-2) is DISMISSED

              as moot.

       2.     The Clerk of Court is directed to close this case.

       3.     A certificate of appealability is DENIED.

                                      s/ Thomas I. Vanaskie
                                      Thomas I. Vanaskie
                                      United States District Judge